NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| U.S. VISION, INC., | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
|  | : | **OPINION** |
| v. | : | |
|  | : | Civil Action No. 11-1892 (DMC) (MF) |
| AS IP HOLDINGS, INC., | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant AS IP Holdings, Inc. ("AS IP" or "Defendant") to Dismiss Plaintiff's First Amended Complaint, Transfer Venue, or Dismiss Plaintiff's Claims for Breach of Contract and Declaratory Relief. Pursuant to RULE 78, no oral argument was heard. For the reasons stated below, Defendant's motion to transfer is **granted**.[1]

**I. BACKGROUND**[2]

---

[1] As this Court finds that transfer is appropriate in order to allow the Delaware Bankruptcy Court to interpret the respective rights and obligations of the parties established by its confirmed reorganization plan, we do not reach Defendant's requests for dismissal. These claims may more properly be resolved upon proper construction and application of the confirmed plan. Accordingly, this Court expresses no view as to the merits of the dispute at hand.

[2] The facts are derived from the parties' submissions.

Plaintiff U.S. Vision ("Plaintiff" or "U.S. Vision") is a Delaware corporation and is a retailer of optical products and services through retail optical departments licensed to operate within national and regional department and discount stores. (Pl.'s Am. Compl. ¶ 1, ECF No. 13). Defendant AS IP Holdings ("AS IP" or "Defendant") is a Delaware corporation that conducts retail of women's clothing and accessories throughout the state of New Jersey. (Pl.'s Compl. ¶ 2).

On October 29, 2010, AS IP acquired the rights to the intellectual property of Urban Brands pursuant to a "free and clear" Sale Order approved and authorized by the Delaware Bankruptcy Court (the "Sale Order"). (Wells Decl. Ex. D, ECF No. 19-5). This Order was issued in furtherance of Urban Brand's Voluntary Chapter 11 Reorganization, <u>In re Urban Brands, Inc., et al.</u> Case No. 10-13005 (KJC)(the "Bankruptcy Proceeding"). (Def.'s Mot. Dismiss, p. 2-3, ECF No. 19-1). The Urban Brands bankruptcy proceeding is currently ongoing in the United States Bankruptcy Court for the District of Delaware.[3] (Def.'s Mot. Dismiss, p. 2, ECF No. 19-1).

On December 21, 2010, following the acquisition of the rights to Urban Brand's intellectual property, AS IP filed a petition seeking cancellation of U.S. Vision's registration of ASHLEY! BY ASHLEY STEWART in the United States Patent and Trademark Office Trademark Trial and Appeal Board ("TTAB").[4] (Pl.'s Am. Compl. ¶ 14). In this petition, AS IP Holdings alleges that U.S.

---

[3] In October of 2010 Urban Brands commenced a voluntary Chapter 11 bankruptcy case with the United States Bankruptcy Court for the District of Delaware. The Bankruptcy Court issued an order pursuant to which New Ashley Stewart LLC acquired substantially all of the assets of Urban Brands and its affiliates. (Wells Decl. Ex. D "Sale Order", ECF No. 19-5). AS IP was designated as New Ashley Stewart's "Buyer's Designee" of all of Urban Brand's "Seller IP" pursuant to a Purchase Agreement approved by the Sale Owner. (Wells Decl. Ex. C "IP Assignment and Assumption Agreement", ECF No. 19-5).

[4] U.S. Vision owns the incontestible registration for the trademark ASHLEY STEWART, U.S. Reg. No. 2079473, and the registration of ASHLEY! BY ASHLEY STEWART, U.S. Reg.

Vision does not have the right to use its ASHLEY! BY ASHLEY STEWART mark based upon AS IP's registration and use of ASHLEY STEWART "in connection with the sale and marketing of women's clothing and accessories . . . including sunglasses." (Pl.'s Am. Compl. ¶ 14).  AS IP subsequently amended the petition before the TTAB to include a claim for cancellation of U.S. Vision's incontestible registration of ASHLEY STEWART, and again cites AS IP's use of the ASHLEY STEWART mark for sunglasses. (Pl.'s Am. Compl. ¶ 15).

On May 23, 2011, Plaintiff filed an Amended Complaint with this Court in which it asserts claims of trademark infringement under 15 U.S.C. §§ 1116 and 1125 and breach of contract.[5] (Pl.'s Am. Compl.).  In addition, US Vision seeks a declaratory judgment under 28 U.S.C. §§ 2201, *et seq.* to obtain an adjudication that U.S. Vision is entitled to continued exclusive use and maintenance of registrations for the marks ASHLEY STEWART and ASHLEY! BY ASHLEY STEWART. Defendant now moves to dismiss Plaintiff's Complaint on the grounds that the Bankruptcy Court has permanently enjoined Plaintiff from commencing the instant suit.  In the alternative, Defendant asserts that the Bankruptcy Court has retained jurisdiction over Plaintiff's claims such that the present dispute should be brought before the Bankruptcy Court.

---

No. 387149, both of which are for eyewear and accessories (collectively, the "Mark").  (Pl.'s Compl. ¶¶ 12-13).

[5]Plaintiff's breach of contract claims are premised upon a "coexistence agreement" that was executed by AS IP's predecessor in interest, Ashley Stewart Ltd., and U.S. Vision's predecessor in interest, Styl-Rite.  This agreement provided Styl-Rite the right to use the ASHLEY STEWART mark in connection with eyewear and accessories.  Defendant maintains that Plaintiff cannot sustain a breach of contract claim against Defendant based upon this agreement as the assets pursuant to which such liability would attach were acquired by the Sale Order executed in Bankruptcy.  The Sale Order specifically disclaims any successor liability to the purchaser of the Debtor's assets.

In support of its Motion, Defendant points to various clauses provided in the Sale Order and subsequent IP Assignment and Assumption Agreement approved in the Urban Brands Bankruptcy Proceeding. Defendant maintains that it acquired the right to all of the Ashley Stewart trademarks pursuant to the Sale Order and that such acquisition entitled Defendant to institute the proceeding before the Trademark Trial and Appeal Board in valid exercise of the rights acquired.

The Sale Order provides that all assets were sold free and clear of all encumbrances or liabilities[6] and includes a provision that specifically prohibits any successor liability on the part of the purchaser of the assets of Debtor Urban Brands.[7] The Sale Order also provides an injunctive clause that bars, estops, and permanently enjoins all persons and entities, from "asserting, prosecuting, or otherwise pursuing Interests against the Purchaser, the Agent, either of their property, successors and assigns, or any of their affiliates, partners, principals, or shareholders or the interests of the Debtors in such Assets." It is on these grounds that Defendant maintains that Plaintiff is precluded from instituting the present action. In the alternative, Defendant notes that the Sale Order provides that the Bankruptcy Court retains jurisdiction pursuant to its statutory powers under 28 U.S.C. § 157(b)(2) to interpret, implement, and enforce the terms and provisions of the Sale Order.[8] Accordingly Defendant requests that this Court transfer this case to the Bankruptcy Court where the Urban Brands Chapter 11 proceeding is ongoing.

Plaintiff counters that the Sale Order entered in the Urban Brands bankruptcy proceeding does not enjoin the instant action, as the mark at issue in this case was not among the assets

---

[6] Sale Order, ¶ Q, ECF No. 19-5

[7] Sale Order, ¶ V, ECF No. 19-5

[8] Sale Order, ¶ 72, ECF No. 19-5

transferred to Defendant pursuant to the Sale Order. Plaintiff maintains that the Bankruptcy Court did not have jurisdiction over U.S. Vision or its claims, as the Bankruptcy Court's jurisdiction is limited to property of the debtor as of the commencement of the bankruptcy case. Therefore, because the Mark owned by U.S. Vision was not an asset of the debtor and was not among those included in the Purchase Assets Schedules submitted with the Plan, the Bankruptcy Court's jurisdiction does not reach the asset at issue. Further, Plaintiff maintains that even if the Mark at issue is determined to be among those assets included in the Sale Order, the Sale Order would not bind U.S. Vision as U.S. Vision was not provided with adequate notice of the sale.

As this Court finds that proper resolution of the case at hand requires an interpretation of the instruments executed in the ongoing Bankruptcy proceeding, and that jurisdiction in the Bankruptcy Court would be proper, Defendant's motion to transfer is hereby **granted**.

## II. DISCUSSION

A.    <u>Motion to Transfer Pursuant to 28 U.S.C. § 1412</u>[9]

The decision of whether to transfer a case or proceeding under the Bankruptcy Code to a court in another district is governed by 28 U.S.C. § 1412, which provides: "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." The Bankruptcy Court, by virtue of referral by the District Court, has jurisdiction over cases falling under 28 U.S.C. § 1334, which grants jurisdiction over bankruptcy cases or proceedings. <u>U.S. Trustee v. Gryphon at the Stone Mansion, Inc.</u>, 166 F.3d 552, 555 (3d Cir. 1999). Although section 1412 refers to cases or proceedings

---

[9]Defendant's request transfer pursuant to 28 U.S.C. § 1409(a), which provides for venue of proceedings arising in or related to cases under title 11.

"under" the Bankruptcy Code, this provision has been found applicable to transfer proceedings that are "related to" a bankruptcy case. <u>Abrams v. Gen. Nutrition Co., Inc.</u>, 2006 U.S. Dist. LEXIS 68574, at *26-27 (D.N.J. Sept. 25, 2006) citing <u>Maritime Elec. Co. v. United Jersey Bank</u>, 1992 U.S.App.LEXIS 5144, at *11-12 (3d Cir. March 24, 1992).

The criteria guiding a court's transfer analysis pursuant to section 1412 includes largely the same criteria for transfer of cases pursuant to section 1404(a). <u>In re Emerson Radio Corp.</u>, 52 F.3d 50, 55 (3d Cir. 1995). Accordingly, to decide a motion to transfer pursuant to either statute, a court must consider the following criteria identified by the Third Circuit as relevant in considering a motion to transfer: (1) the plaintiff's choice of forum; (2) the defendant's forum preference; (3) whether the underlying claim arose elsewhere; (4) the convenience of the parties based on their relative physical and financial condition; (5) the convenience of witnesses; (6) the location of books and records; (7) the enforceability of any judgment obtained by the plaintiff; (8) practical considerations that could make trial easy, expeditious, or inexpensive; (9) administrative difficulty resulting from court congestion; (10) local interest in deciding local controversies; (11) the public policies of each forum; and (12) the familiarity of the trial judge with applicable law. <u>Abrams</u>, 2006 U.S. Dist. LEXIS 68574, at *29-30, citing <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879-90 (3d Cir. 1995). Notably, however, transfer of a proceeding pursuant to section 1412 does not require that the transferee court be one in which the action might have originally been brought. <u>In re Emerson Radio Corp.</u>, 52 F.3d at 55.

B.   <u>Analysis</u>

    1.   **Bankruptcy Court's Jurisdiction**

Bankruptcy courts are courts of limited jurisdiction, with their sole source of jurisdiction provided under 28 U.S.C. §§ 1334 and 157. In re Binder, 372 F.3d 154, 161 (3d Cir. 2004), citing U.S. Brass Corp. v. Travelers Ins. Group, Inc., 301 F.3d 296, 303 (5th Cir. 2002); see also Gryphon, 166 F.3d at 555.  28 U.S.C. § 1334 grants jurisdiction over bankruptcy cases and proceedings to the district courts, and provides district courts "shall have original and exclusive jurisdiction of all cases under title 11," and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." In re Binder, 372 F.3d. at 161, citing 28 U.S.C. § 1334(a), (b).  Accordingly, the jurisdiction of the bankruptcy court does not extend indefinitely, but has been found to extend to four categories of title 11 matters: "(1) cases under title 11, (2) proceeding arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11. See Donaldson v. Berstein, 104 F.3d 547, 552 (3d Cir. 1997).  The Bankruptcy Court, by virtue of referral by the District Court, has jurisdiction over cases falling under any one of these categories.  Gryphon, 166 F.3d at 555. 28 U.S.C. § 157 provides the procedural mechanism by which a district court may refer a case or proceeding that falls within section 1334 to the bankruptcy code, and provides: "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Id. at 161-62.

The court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction. Howard Brown Co. v. Reliance Ins. Co., 66 B.R. 480, 482 (Bankr. E.Pa. 1986) citing 28 U.S.C. § 1409(a).  An action is "related to" a bankruptcy case "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either

positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." Id. at 481. (internal quotations omitted); Bobroff v. Cont'l Bank (In re Bobroff), 766 F.2d 797, 802 (3d Cir. 1985) citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).

The established test for determining "related to" jurisdiction in the Third Circuit was articulated in the case of Pacor, Inc. v. Higgins. 734 F.2d 984 (3d Cir. 1984)(*overturned on other grounds*). There, the court found that a civil proceeding is "related to" bankruptcy where "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Pacor, 743 F.2d at 994. However, Courts have noted that interpretation of such "related to" jurisdiction cannot be limited to this test's literal meaning, as "it is impossible for the bankrupt debtor's estate to be affected by a post-confirmation dispute because the debtor's estate ceases to exist once confirmation has occurred." In re Binder, 372 F.3d at 165. Accordingly, the essential inquiry in determining whether a proceeding falls within a bankruptcy court's "related to" jurisdiction is whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold the bankruptcy court's jurisdiction over the matter. In re Binder, 372 F.3d at 168-69. Such close nexus will be found, and retention of post-confirmation jurisdiction appropriate, where a matter affects "the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement." Id.

A close nexus conferring "related to" jurisdiction has been found at the post-confirmation stage where the resolution of the dispute at hand would implicate the ability to carry out the plan as confirmed. See Donaldson, 104 F.3d at 553 (noting that the act of plan confirmation changes the *Pacor* test from "whether the outcome of the proceeding could conceivably have any effect on

-8-

the estate being administered" to "whether the outcome could 'significantly affect[]consummation of the plan as confirmed."). "Related to" jurisdiction is appropriate where resolution of the dispute would require an interpretation of the terms of the plan as confirmed. In re Resorts Int'l, 199 B.R. 113, 120-25 (Bankr. D.N.J. 1996), as interpreted by In re Binder, 372 F.2d at 167 (retention of jurisdiction was appropriate where Bankruptcy Court was required to construe and enforce provisions of the Plan to resolve a post-confirmation dispute over whether the Litigation Trust or the debtor was entitled to the accrued interest); but see In re Binder, 372 F.3d at 169 (finding lack of a close nexus where the determination of the dispute would not require reference to the Bankruptcy Plan or Litigation Trust Agreement and where the exchange by former creditors of their creditor status to attain rights as Litigation Trust beneficiaries demonstrated a deliberate attempt to separate the litigation claims from the bankruptcy estate).

Even when the confirmation plan is silent as to the bankruptcy court's retention of jurisdiction, 11 U.S.C. § 1142(b) provides limited post-confirmation jurisdiction for the purpose of implementing the plan. In re Baker, 118 B.R. 24, 27 (Bankr. S.D.N.Y. 1990). While section 1142(b) has been interpreted to mean that the bankruptcy court may take action to ensure the consummation of a confirmed plan, it is a grant of authority that "channels, but does not abrogate, the bankruptcy court's jurisdiction post-confirmation." Gryphon, 166 F.3d at 556. As such, while section 1142(b) does not change the jurisdictional analysis under section 1334, it has been held to constitute an additional source of jurisdiction when a dispute involves the interpretation and implementation of a confirmed plan. In re Baker, 118 B.R. at 27. (interpretation of Order approving lease serving to fund the debtor's plan found to be a step in the implementation process, and therefore adequate to confer jurisdiction).

Accordingly, in light of the foregoing, it is clear that a bankruptcy court may exercise jurisdiction to implement the confirmed plan as designed. This Court finds that the dispute is related to the ongoing bankruptcy proceeding in Delaware, as it requires an interpretation of the instruments that govern the debtor's reorganization and the rights and obligations that have been provided pursuant to its terms. The Delaware Bankruptcy Court would therefore have jurisdiction to determine whether the rights and obligations conferred through the approved plan would preclude the instant suit.

While Plaintiff argues a lack of jurisdiction in the Bankruptcy Court due to a lack of notice, the Bankruptcy Court specifically found that the notice provided by the debtor through publication in the New York Times was adequate for confirmation of the plan. Therefore, to the extent that Plaintiff's rights are implicated by the Order, the Bankruptcy Court has already determined that the notice provided was adequate under the circumstances.

Finally, Defendant points to a retention of jurisdiction provision contained in the confirmed Sale Order in support of its assertion that this case should be transferred to the Delaware Bankruptcy Court. A retention of jurisdiction provisions provided in a confirmation order may be given effect where there is bankruptcy court jurisdiction. In re Binder, 372 F.3d at 161. However, where a bankruptcy court lacks subject matter jurisdiction over a dispute, it cannot create such jurisdiction by simply stating that it retains jurisdiction in a confirmation or other order. Id. The statutory authority provided for the retention of jurisdiction provision in the Sale Order is 28 U.S.C. § 157(b)(2), which provides jurisdiction over core proceedings arising in bankruptcy. Having found that the present dispute constitutes a "related to" matter sufficient to confer the Bankruptcy Court with Jurisdiction, this Court does not address whether the retention

of jurisdiction provision is applicable to the instant dispute.

    2.    **Motion to Transfer Analysis**

Having determined that the Delaware Bankruptcy Court would have jurisdiction to resolve whether this suit falls within the prohibitions imposed by its Order, this Court must consider whether the interest of justice and the convenience of the parties dictate that this case should be transferred to the Bankruptcy Court where Urban Brand's Bankruptcy is ongoing.

The dispute at hand turns on a disagreement over whether the property the subject of the present dispute falls within the Bankruptcy court's jurisdiction as directed by the confirmed Plan.[10] Resolution of this core issue must precede any further determination of the merits of the present dispute. As the dispute involves the construction or interpretation of the plan, it is proper and indeed preferable that the Bankruptcy Court resolve whether the rights of the parties implicated in this case are subject to the terms of the Order. Such resolution will allow for a more expeditious resolution of the issues at hand as well as promote the efficient administration of the estate as intended by the confirmed plan. In addition, resolution of the dispute in this Court could interfere with the Bankruptcy Court's proceedings to effectuate the terms of its plan as confirmed.

The interests of justice and efficiency of administration counsel that Bankruptcy court must have the power to effectuate the terms of its plan that were within its jurisdiction to create.

---

[10]Plaintiff argues that the Complaint at issue deals exclusively with an asset that was not part of the bankrupt estate. While Plaintiff is correct that their respective patents were not involved in the bankruptcy proceeding, Plaintiff's entire prayer for relief arises from the exercise of rights purportedly acquired by Defendant through the distribution of assets in the Bankruptcy Proceeding. Accordingly, the case at issue does involve assets that fell within the Bankruptcy Court's jurisdiction pursuant to the execution of the reorganization plan.
...

Were this not true, the terms of the plan designed to implement its broader purpose would be rendered meaningless, and the plan would not be fulfilled as intended. Accordingly, this Court holds that this dispute should be transferred to the Delaware Bankruptcy Court so that it might be resolved in accordance with the Bankruptcy Plan as confirmed.

Finally, both parties to the instant action are Delaware Corporations, and will therefore not be inconvenienced by adjudicating the dispute in the Delaware Bankruptcy Court.

## CONCLUSION

For the reasons set forth above, Defendant has adequately demonstrated that this case should be transferred to the United States Bankruptcy Court for the District of Delaware, where the Urban Brands reorganization is ongoing. This Court finds that considerations of fairness and convenience as well as the interest of justice weigh in favor of such transfer. Defendants' motion to transfer is therefore **granted**.

       S/Dennis M. Cavanaugh
       Dennis M. Cavanaugh, U.S.D.J.

Date:      January 25, 2012
Original:   Clerk's Office
cc:        All Counsel of Record
          The Honorable Mark Falk, U.S.M.J.
          Filesdfd